IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

_____
                                                      )
SAMUEL ZOOK, MICHELLE McLAIN-        )
KRUSE, BIRGITTA MEADE, and               )
ANNETTE LAITINEN,                               )
                                                      )        No. 6:12-cv-02046LRR
              Plaintiffs,                               )
                                                      )        MEMORANDUM IN SUPPORT
       v.                                                )        OF DEFENDANTS' MOTION
                                                      )        TO DISMISS
LISA JACKSON, Administrator, and the       )
UNITED STATES ENVIRONMENTAL            )
PROTECTION AGENCY,                           )
                                                      )
              Defendants.                            )
_____)


                                   IGNACIA S. MORENO
                                   Assistant Attorney General

                                   DAVID A. CARSON
                                   United States Department of Justice
                                   Environment and Natural Resources
                                              Division
                                   999 18th Street
                                   South Terrace, Suite 370
                                   Denver, Colorado 80202
                                   (303) 844-1349
                                   (303) 844-1350 facsimile
                                   david.a.carson@usdoj.gov

OF COUNSEL:

SCOTT JORDAN
DAVID ORLIN
U.S. EPA
Office of General Counsel
Washington, D.C.

**TABLE OF CONTENTS**

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.      Statutory and Regulatory Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        A.      The CAA generally . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        B.      NAAQS establishment under CAA sections 108 and 109 . . . . . . . . . . . . . . . . . . 3

        C.      The regulation of source categories under CAA section 111 . . . . . . . . . . . . . . . 4

II.     Plaintiffs' Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

STANDARDS OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

I.      Subject Matter Jurisdiction Generally . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

II.     Standard for Construing Waivers of Sovereign Immunity . . . . . . . . . . . . . . . . . . . . . . 7

III.    Standard for a Motion to Dismiss under Rule 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . 7

IV.     Standard of Review for a Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) . . . . . . . . 8

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

I.      This Court Lacks Subject Matter Jurisdiction Over Plaintiffs' Claims Because
        The CAA Citizen Suit Provides An Adequate Remedy . . . . . . . . . . . . . . . . . . . . . . . 8

II.     If The District Court For The District Of Columbia Did Not Have Exclusive
        Jurisdiction Over Plaintiffs' Unreasonable Delay Claims, The United States Court
        of Appeals For The District of Columbia Circuit Would Have Exclusive Jurisdiction
        Over Those Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

III.    Plaintiffs' Claims Should be Dismissed Because EPA is Not Required
        to Take The Actions Plaintiffs Allege Have Been Unlawfully
        Withheld or Unreasonably Delayed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

## <u>TABLE OF AUTHORITIES</u>

**FEDERAL CASES**

*Am. Lung Ass'n v. Reilly*, 962 F.2d 258 (2nd Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 18

*Ass'n of Irritated Residents v. EPA*, 494 F.3d 1027 (D.C. Cir. 2007) . . . . . . . . . . . . . . . . . . . . 5

*Bennett v. Spear*, 520 U.S. 154 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585 (8th Cir. 2009) . . . . . . . . . . . . . . . . . . . . 8, 19, 20

*City of Highland Park v. Train*, 519 F.2d 681 (7th Cir. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Coos Cnty. Bd. of Cnty. Comm'rs v. Kempthorne*, 531 F.3d 792 (9th Cir. 2008) . . . . . . . . . . 9, 19

*Defenders of Wildlife v. EPA*, 882 F.2d 1294 (8th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*Envtl. Defense Fund v. Thomas*, 870 F.2d 892 (2nd Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Envtl. Defense v. EPA*, 2007 WL 127998 (N.D. Cal.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Greater Rivers Habitat Alliance v. FEMA*, 615 F.3d 985 (8th Cir. 2010) . . . . . . . . . . . . . . . 9, 10

*Gregory v. Dillard's, Inc.*, 565 F.3d 464 (8th Cir. 2009) (en banc) . . . . . . . . . . . . . . . . . . . . . . . 8

*Hagemeier v. Block*, 806 F.2d 197 (8th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Holloman v. Watt*, 708 F.2d 1399 (9th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re Russell*, 155 F.3d 1012 (8th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994) . . . . . . . . . . . . . . . . . . . . 7

*Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55 (2004) . . . . . . . . . . . . . . . . . . passim

*NRDC, Inc. v. Thomas*, 885 F.2d 1067 (2nd Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 18

*NRDC, Inc. v. Train*, 545 F.2d 320 (2nd Cir. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 17, 18

*Oljato Chapter of the Navajo Tribe v. Train*, 515 F.2d 654 (D.C. Cir. 1975) . . . . . . . . . . . . . . 12

*Osborn v. United States*, 918 F.2d 724 (8th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Sierra Club v. EPA*, 252 F.3d 943 (8th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Sierra Club v. Thomas*, 828 F.2d 783 (D.C. Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Telecomms. Research and Action Ctr. v. FCC*, 750 F.2d 70 (D.C. Cir. 1984) . . . . . . . . . . . 1, 13

*U.S. Dept. of Energy v. Ohio*, 503 U.S. 607 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Mitchell*, 445 U.S. 535 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## FEDERAL STATUTES

5 U.S.C. § 551(13) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

5 U.S.C. § 704 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 7, 9, 10

5 U.S.C. § 706 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

5 U.S.C. § 706(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

28 U.S.C. § 1331 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

28 U.S.C. § 1651(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

42 U.S.C. § 4104(g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

42 U.S.C. § 7401-7671q . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

42 U.S.C. §§ 7408-7409 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

42 U.S.C. § 7408 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 17

42 U.S.C. § 7408(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 10, 14, 16

42 U.S.C. § 7408(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 14

42 U.S.C. § 7409 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 14

42 U.S.C. § 7409(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

42 U.S.C. § 7409(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

42 U.S.C. § 7410 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

42 U.S.C. § 7410(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

42 U.S.C. § 7411 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6, 18

42 U.S.C. § 7411(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

42 U.S.C. § 7411(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

42 U.S.C. § 7411(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 10, 15

42 U.S.C. § 7412 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

42 U.S.C. § 7412(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

42 U.S.C. § 7412(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

42 U.S.C. § 7412(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

42 U.S.C. § 7475 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

42 U.S.C. § 7604(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 10, 11, 12

42 U.S.C. § 7604(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

42 U.S.C. § 7607(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 13

## FEDERAL RULES

Fed. R. Civ. P. 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 7, 8, 19

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 8, 19

## FEDERAL REGULATIONS

40 C.F.R. pt. 50 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

40 C.F.R. § 50.6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

40 C.F.R. § 50.7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

40 C.F.R. § 50.9 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

40 C.F.R. § 50.10 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

40 C.F.R. § 51.166(b)(23) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

40 C.F.R. pt. 60 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

40 C.F.R. § 60.104(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**FEDERAL REGISTER**

70 Fed. Reg. 4958 (Jan. 31, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

72 Fed. Reg. 20,586 (Apr. 25, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## GLOSSARY OF ACRONYMS

AFOs                 Animal Feeding Operations

APA                  Administrative Procedure Act

CAA                  The Clean Air Act

EPA                  The Environmental Protection Agency

NAAQS                National Ambient Air Quality Standards

NSPS                 New Source Performance Standards

$PM_{2.5}$           Fine Particulate Matter

$PM_{10}$            Course Particulate Matter

PSD                  Prevention of Significant Deterioration

SIP                  State Implementation Plan

*SUWA*               *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55 (2004)

**INTRODUCTION**

Plaintiffs seek relief under the Administrative Procedure Act ("APA"), *see* 5 U.S.C. §§ 704, 706, requiring Defendants to take regulatory actions Plaintiffs allege have been unreasonably delayed.  Complaint ¶¶ 1, 32, 36.  Plaintiffs claim that the Environmental Protection Agency ("EPA") has unlawfully withheld or unreasonably delayed action by not including certain pollutants emitted from animal feeding operations ("AFOs"), on a list of pollutants for which national ambient air quality standards must be developed under the Clean Air Act ("CAA").  Plaintiffs further claim that EPA has unlawfully withheld or unreasonably delayed action by not including AFOs on a list of sources for which source-category standards must be developed under the CAA.  As is shown below, Plaintiffs' Complaint should be dismissed for several alternative reasons.

Plaintiffs seek relief under the wrong statute and in the wrong court.  The APA's limited waiver of sovereign immunity for claims against federal agencies does not apply when an adequate remedy is otherwise provided in court.  5 U.S.C. § 704.  The CAA citizens' suit section, 42 U.S.C. § 7604(a), provides an adequate remedy in court for Plaintiffs' claims, and exclusive jurisdiction for the matters Plaintiffs attempt to raise rests in the United States District Court for the District of Columbia.  *See id.*

Moreover, if Congress had not provided for exclusive jurisdiction over Plaintiffs' claims in the District Court for the District of Columbia under the CAA citizens' suit provision, exclusive jurisdiction would lie in the United States Court of Appeals for the District of Columbia Circuit.  Because that court would have exclusive jurisdiction under the CAA to review the final EPA actions that Plaintiffs attempt to force EPA to take in this case, it would likewise have exclusive jurisdiction over Plaintiffs' unreasonable delay claims.  *See Telecomms.*

*Research and Action Ctr. v. FCC*, 750 F.2d 70, 74-79 (D.C. Cir. 1984).  Plaintiffs' Complaint should therefore be dismissed for lack of subject matter jurisdiction.

However, even if this Court were to find that Plaintiffs' claims could potentially proceed here under the APA, those claims should still be dismissed.  The Supreme Court has made clear that a plaintiff can prevail on an APA claim alleging that agency action has been unlawfully withheld or unreasonably delayed *only* if the underlying action is one that the agency is *required* to take.  *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 63 (2004) ("*SUWA*").  The regulatory actions that Plaintiffs assert EPA has unlawfully withheld or unreasonably delayed taking are discretionary with EPA under the CAA.  Therefore, Plaintiffs' claims should be dismissed either for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1), or for failure to state a claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6).

## BACKGROUND

### I.      Statutory and Regulatory Background

#### A.      The CAA generally

The CAA, 42 U.S.C. §§ 7401-7671q, enacted in 1970 and extensively amended in 1977 and 1990, establishes a comprehensive program for controlling and improving the nation's air quality through a combination of state and federal regulation.  Under Title I of the Act, EPA develops the National Ambient Air Quality Standards ("NAAQS") that establish maximum permissible concentrations of certain "criteria" pollutants in the ambient air.  42 U.S.C. §§ 7408-09.  Section 110 of the CAA, 42 U.S.C. § 7410,[1/] contemplates that measures necessary to attain

---

[1/] Judicial opinions often refer to the various provisions of the CAA as enacted and as codified in the United States Code.  In text we refer to the enacted sections of the statute and we cite the corresponding United States Code provisions.  *See* L.R. 10.e.

the NAAQS will be applied to individual sources through a state implementation plan ("SIP")

prepared by each State, subject to EPA review and approval.  *Id.*  A SIP must include

enforceable emissions limitations and other control measures necessary to attain and maintain

the NAAQS.  *Id.* §§ 7410(a)(2)(A) - (K).

**B.      NAAQS establishment under CAA sections 108 and 109**

Under CAA section 108(a)(1), EPA was required to publish a list of air pollutants within

30 days after December 31, 1970, that "in [EPA's] judgment, cause or contribute to air pollution

which may reasonably be anticipated to endanger public health or welfare" and satisfy two other

requirements, including whose presence "in the ambient air results from numerous or diverse

mobile or stationary sources."  42 U.S.C. § 7408(a)(1)(A)-(C).  Thereafter, EPA is to revise the

list "from time to time" if it determines that additional pollutants should be listed.  *Id.*  After

EPA lists a pollutant under CAA section 108(a)(1), EPA is required to establish "air quality

criteria" for the pollutant under CAA section 108(a)(2).  *Id.* § 7408(a)(2).  Air quality criteria are

to reflect the latest scientific knowledge regarding the extent of identifiable effects on public

health and welfare from the presence of the pollutant in the ambient air.  *Id.*   After EPA

establishes the air quality criteria for a pollutant, EPA is required to establish a NAAQS for the

pollutant under CAA section 109(a).  *Id.* § 7409(a).  The NAAQS are set at levels requisite to

protect public health with an adequate margin of safety and to protect the public welfare from

any known or anticipated adverse effects.  *Id.* at § 7409(b).

EPA has issued air quality criteria and established NAAQS under CAA sections 108 and

109 for six "criteria" pollutants:  sulfur dioxide, particulate matter, carbon monoxide, nitrogen

dioxide, lead and ground level ozone.  *See* 40 C.F.R. pt. 50.

### C.      The regulation of source categories under CAA section 111

In addition to the health and welfare based NAAQS, which are implemented through SIP control measures, under CAA section 111, 42 U.S.C. § 7411, Congress has provided for Federal emission standards for new stationary sources.  These New Source Performance Standards ("NSPS")  are not based upon what is necessary to achieve the NAAQS.  Instead, NSPS must reflect the degree of emission limitation achievable through the application of the best system of emission reduction which EPA determines has been adequately demonstrated, taking costs and other factors into account.  *Id.* at § 7411(a)(1).  NSPS apply to stationary sources that are constructed, modified, or reconstructed after the standard is proposed.  42 U.S.C. § 7411(a)(2).

Under CAA section 111(b)(1)(A), EPA was required to publish, within 90 days of December 31, 1970, a list of categories of stationary sources.  *Id.* at § 7411(b)(1)(A).  Thereafter, EPA is to revise the list "from time to time" if it determines that additional source categories should be listed.  *Id.*  EPA is to include a category of sources on the list if "in [EPA's] judgment it causes, or contributes significantly to, air pollution which may reasonably be anticipated to endanger the public health or welfare."  42 U.S.C. § 7411(b)(1)(A).  Once EPA includes a source category on the list, EPA must promulgate an NSPS for the source.  *Id.* at § 7411(b)(1)(B).  EPA has established NSPS for numerous source categories.  40 C.F.R. pt. 60.

## II.      Plaintiffs' Complaint

Plaintiffs are four individuals who reside in North Winneshiek County, Iowa, and either previously attended North Winneshiek School, currently teach at the school, or have children who attend the school.  Complaint ¶¶ 7-10.  Plaintiffs allege that they, or their children, are or were subject to air emissions from an AFO near North Winneshiek School.  *Id. ¶¶* 7-10, 19.

Plaintiffs allege that various studies show that emissions of air pollutants from AFOs endanger public health and welfare. *Id.* ¶¶ 2, 14-24. Plaintiffs allege that EPA is aware of these studies but has taken no action to regulate air emissions from AFOs. *Id*. ¶ 25. The specific pollutants identified in the Complaint are ammonia, hydrogen sulfide, particulate matter and volatile organic compounds. *Id.* ¶ 14.[7/]

---

[7/] EPA has not issued air quality criteria for ammonia, hydrogen sulfide, or volatile organic compounds or included them on the list of pollutants under CAA section 108, 42 U.S.C. § 7408, nor has it established NAAQS for these pollutants under CAA section 109, 42 U.S.C. § 7409. EPA has established NAAQS for ground-level ozone, 40 C.F.R. §§ 50.9, 50.10, and volatile organic compounds are regulated under the CAA as precursors to ozone. *See, e.g., Sierra Club v. EPA*, 252 F.3d 943, 945 n.3 (8th Cir. 2001) (explaining that ozone is formed from chemical reactions between volatile organic compounds and oxides of nitrogen with sunlight). EPA has issued air quality criteria for particulate matter and established NAAQS for course particulate matter ($PM_{10}$), and fine particulate matter ($PM_{2.5}$). 40 C.F.R. §§ 50.6, 50.7. In addition, with respect to ammonia, EPA has promulgated regulations for the implementation of the 1997 $PM_{2.5}$ NAAQS, and guidance for the implementation of the 2006 $PM_{2.5}$ NAAQS, indicating that States or EPA may determine that regulation of ammonia emissions as a precursor to $PM_{2.5}$ is appropriate in the proper circumstances in a given nonattainment area. 72 Fed. Reg. 20,586, 20,591-92 (Apr. 25, 2007); Implementation Guidance for the 2006 24-Hour Fine Particle ($PM_{2.5}$) NAAQS, from Steve Page, Director Office of Air Quality Planning and Standards, to Regional Air Directors, Regions I - X, dated March 2, 2012, at n.8 (available at http://www.epa.gov/ttn/naaqs/pm/pdfs/20120302_implement_guidance_24-hr_pm2.5_naaqs.pdf) Hydrogen sulfide is regulated under some NSPS, *see, e.g.* 40 C.F.R. § 60.104(a)(2)(ii), and, accordingly, as a pollutant under the Prevention of Significant Deterioration ("PSD") program of the CAA, which covers both NAAQS and certain non-NAAQS pollutants. *See* 42 U.S.C. § 7475; 40 C.F.R. § 51.166(b)(23)(i). While this is not raised in the Complaint, for the Court's information, AFOs may be subject to regulation under the PSD program if a threshold level of emissions is met. *See id.* Estimating emissions from AFOs has proven difficult. In 2005, EPA announced a voluntary consent agreement for AFOs. *See* 70 Fed. Reg. 4,958 (Jan. 31, 2005). This agreement provided that, among other things, participating AFOs would help conduct an EPA-approved national emissions monitoring study designed to gather data to assist in developing methodologies for estimating AFOS' emissions. In 2006, EPA executed identical consent agreements with almost 2,600 AFO owners and operators. *See Ass'n of Irritated Residents v. EPA*, 494 F.3d 1027, 1028-30 (D.C. Cir. 2007) (describing purposes of agreement). Starting in 2007, and with EPA oversight, emissions monitoring occurred for approximately two years at certain participating AFOS and all monitoring concluded by early 2010. EPA is now in the process of developing methodologies for estimating AFOs' emissions. Information

(continued...)

Plaintiffs' Complaint has two claims for relief, both of which are expressly brought under the APA.  Complaint ¶¶ 29-36.  In their first claim, Plaintiffs allege that EPA should have, but has not, listed air pollutants from AFOs under CAA section 108, 42 U.S.C. § 7408, and should have, but has not, established NAAQS for those pollutants under CAA section 109, 42 U.S.C. § 7409.  Complaint ¶ 29-31.  Plaintiffs allege that EPA's failure to do so is a violation of the APA because it is agency action that has been unlawfully withheld or unreasonably delayed and is arbitrary and capricious and contrary to law.  *Id.* ¶ 32.

In their second claim, Plaintiffs allege that EPA should have, but has not, listed AFOs as sources of air pollution under CAA section 111, 42 U.S.C. § 7411.  Complaint ¶¶ 33-35.  Plaintiffs allege that EPA's failure to do so is a violation of the APA because it is agency action that has been unlawfully withheld or unreasonably delayed and is arbitrary and capricious and contrary to law.  *Id.* ¶ 36.

Plaintiffs seek declaratory relief, and an order requiring EPA to list air pollutants from AFOs as criteria pollutants and to establish NAAQS for those pollutants.  Plaintiffs also seek an order requiring EPA to list AFOs as stationary sources of air pollution under CAA section 111, 42 U.S.C. § 7411.  Complaint at Prayer for Relief.

## STANDARDS OF REVIEW

### I.       Subject Matter Jurisdiction Generally

The federal courts are courts of limited jurisdiction, possessing only that power

---

[2] (...continued)
regarding this issue is publically available at EPA's web site:
http://www.epa.gov/airquality/agmonitoring/ (last visited on Sept. 6, 2012).

authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). It is presumed that a case lies outside of a federal court's limited jurisdiction, and the burden falls on the plaintiff to establish that jurisdiction exists. *Id.* Therefore, subject matter jurisdiction is a threshold question that should be decided at the outset. *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990).

## II.     Standard for Construing Waivers of Sovereign Immunity

Plaintiffs bear the burden of demonstrating that their claims fall within a waiver of the United States' sovereign immunity from suit. *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983). Such a waiver must be unequivocally expressed in the statutory text and cannot be implied. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). The Supreme Court has made clear that waivers of sovereign immunity must be narrowly construed and cannot be "'enlarge[d] . . . beyond what the [statute's] language requires.'" *U.S. Dept. of Energy v. Ohio*, 503 U.S. 607, 615 (1992) (citations omitted).

Plaintiffs bring their claims under the APA.[3] While the APA constitutes a limited waiver of sovereign immunity, it applies only when "there is no other adequate remedy in a court." 5 U.S.C. § 704. With respect to claims that an agency has unlawfully withheld or unreasonably delayed action, review is available only "where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." *SUWA*, 542 U.S. at 64 (emphasis in original).

## III.     Standard for a Motion to Dismiss under Rule 12(b)(1)

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) may either be a "facial attack" or a

---

[3] Plaintiff also cites 28 U.S.C. § 1331. Complaint ¶ 4. However, this is a jurisdictional provision and not a waiver of sovereign immunity. *Hagemeier v. Block*, 806 F.2d 197, 202-03 (8th Cir. 1986).

"factual attack." *Osborn v. United States*, 918 F.2d at 729 n.6.  In a facial attack, the Court restricts itself to the face of the pleadings and the non-moving party receives the same protection it would under Fed. R. Civ. P. 12(b)(6), which is that the complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle it to relief.  *Id.*  In a factual attack, the court can consider matters outside the pleadings and the plaintiff is not afforded the protection of the Rule 12(b)(6) standard.  *Id.*  EPA's motion to dismiss under Fed. R. Civ. P. 12(b)(1) is a facial attack on Plaintiffs' Complaint.

**IV.    Standard of Review for a Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6).**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (internal quotation marks and citations omitted).  The court is to take the factual allegations as true, but this does not apply to legal conclusions or "'formulaic recitation[s] of the elements of a cause of action.'" *Id.*  A plaintiff "'must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims . . ., rather than facts that are merely consistent with such a right.'" *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (*en banc*) (ellipsis in original).  A complaint states a plausible claim for relief if its "'factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d at 594  (ellipsis in original).  Ultimately, evaluation of a complaint on a motion to dismiss under Fed. R. Civ. P. 12(b)(6) "is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'"  *Id.*

**ARGUMENT**

I.    **This Court Lacks Subject Matter Jurisdiction Over Plaintiffs' Claims Because**
      **The CAA Citizen Suit Provides An Adequate Remedy.**

      The APA's limited waiver of sovereign immunity extends only to "[a]gency action made reviewable by statute and *final agency action for which there is no other adequate remedy in a court*." 5 U.S.C. § 704 (emphasis added); *Defenders of Wildlife v. EPA*, 882 F.2d 1294, 1303 (8th Cir. 1989) ("The APA generally provides a framework for judicial review of final agency action when an adequate remedy is otherwise lacking") (*citing* 5 U.S.C. § 704). When another statute provides an adequate legal remedy, a court should dismiss an APA claim for lack of subject matter jurisdiction. *Greater Rivers Habitat Alliance v. FEMA*, 615 F.3d 985, 989 (8th Cir. 2010) ("Because the APA only grants judicial review of final agency action in cases 'for which there is no other adequate remedy in a court,' 5 U.S.C. § 704, the district court did not err in dismissing appellants' APA claim, because 42 U.S.C. § 4104(g) provides an adequate legal remedy.").[4/]

---

[4/] A court need not determine whether a plaintiff has a valid statutory claim when determining whether an adequate remedy is otherwise available in court within the meaning of the APA. This is clear from *Great Rivers Habitat Alliance v. FEMA*, 615 F.3d at 989-91, where the Eighth Circuit determined that jurisdiction did not exist over plaintiffs' APA claims because the National Flood Insurance Act provides an adequate remedy, but that plaintiffs' National Flood Insurance Act claim was properly dismissed for lack of subject matter jurisdiction because plaintiffs had failed to exhaust their administrative remedies. *See also Coos Cnty. Bd. of Cnty. Comm'rs v. Kempthorne*, 531 F.3d 792, 801-803, 809-812 (9th Cir. 2008) (holding that plaintiffs' APA unreasonable delay claim was precluded because it duplicated plaintiffs' Endangered Species Act citizens' suit claim, and that the citizens' suit claim was properly dismissed because there was no mandatory duty to act). Thus, when determining whether Congress has provided an "adequate remedy in court," the question is whether Congress has provided for the relief sought in the complaint under a statute other than the APA, not whether a court will necessarily have jurisdiction over the claim under that statute, or whether the plaintiff can state a claim for which relief can be granted under that statute.

The CAA citizens' suit section provides an adequate remedy in court with respect to Plaintiffs' claims that EPA has unlawfully withheld or unreasonably delayed action as described in the Complaint.  CAA section 304(a), 42 U.S.C. § 7604(a), authorizes claims against EPA where it is alleged that EPA has failed to perform any act or duty that is not discretionary, and it expressly provides that "[t]he district courts of the United States shall have jurisdiction to compel  . . . agency action unreasonably delayed."  Because the CAA citizens' suit section provides for the same relief Plaintiffs seek here under the APA, Plaintiffs' APA claims should be dismissed for lack of subject matter jurisdiction.  5 U.S.C. § 704; *Defenders of Wildlife v. EPA*, 882 F.2d at 1303; *Greater Rivers Habitat Alliance v. FEMA*, 615 F.3d at 989; *Envt'l Defense v. EPA*, 2007 WL 127998, *4  (N.D. Cal.) ("Because the Clean Air Act's citizen suit provision . . . grants jurisdiction over Plaintiff's first cause of action [asserting unreasonable delay], jurisdiction pursuant to the APA is inappropriate and unnecessary").

The CAA citizens' suit provision also delineates jurisdiction among the federal district courts.  It provides that "an action to compel agency action referred to in section 7607(b) of this title which is unreasonably delayed *may only be filed* in United States District Court within the circuit in which such action would be reviewable under section 7607(b) of this title."  42 U.S.C. § 7604(a) (emphasis added).  Because CAA sections 108(a)(1) and 111(b)(1)(A), 42 U.S.C. §§ 7408(a)(1), 7411(b)(1)(A), both provide that EPA is to revise the relevant list "from time to time" and not by any specific deadline, Plaintiffs claims may only proceed as unreasonable delay claims, and not as mandatory duty claims.  *Am. Lung Ass'n v. Reilly*, 962 F.2d 258, 262-63 (2nd Cir. 1992).  Under CAA section 307(b), 42 U.S.C. § 7607(b), the United States Court of Appeals for the District of Columbia Circuit has exclusive jurisdiction to review challenges to EPA's

10

action in promulgating any NAAQS or NSPS, as well as "any other nationally applicable regulations promulgated, or final action taken" by EPA under the CAA. *Id.* Therefore, the United States District Court for the District of Columbia would have exclusive jurisdiction over Plaintiffs' claims that EPA has unreasonably delayed action in making the nationally applicable listing decisions covered by the Complaint, in promulgating various NAAQS for pollutants emitted from AFOs, and in promulgating an NSPS for AFOs.[5]

This Court should therefore dismiss Plaintiffs' APA claims for lack of subject matter jurisdiction. *See In re Russell*, 155 F.3d 1012 (8th Cir. 1998) (dismissing a veteran's petition for a writ of mandamus for lack of jurisdiction and finding that the claim was outside of the APA's waiver of sovereign immunity because Congress had provided for exclusive jurisdiction over the same type of unreasonable delay claim in another court under another statute). In sum, because Congress has provided for exclusive jurisdiction in the District of Columbia for Plaintiffs' unreasonable delay claims under the CAA citizens' suit provision, the APA does not provide jurisdiction for such claims here.

CAA section 304(e), 42 U.S.C. § 7604(e), does not provide to the contrary. It provides that "[n]othing in this section shall restrict any right which any person . . . may have under any statute or common law . . . to seek *any other relief* (including relief against the Administrator or a State agency)." *Id.* (emphasis added). Plaintiffs here do not seek any *other relief* against EPA

---

[5] Therefore, Plaintiffs should not be allowed to amend their Complaint to add a CAA citizens' suit claim in this Court. Nor should the case be transferred to the District of Columbia. Plaintiffs must provide 180 days advance notice to EPA before they may bring an unreasonable delay claim under the CAA citizens' suit provision, which they have not done. 42 U.S.C. § 7604(a). Thus, an amended complaint and a transfer would both be futile in this case.

than that which is provided for under the CAA citizen suit provision.  Rather, as discussed

above, Plaintiffs seek the exact same relief that is potentially provided for, namely, an order

compelling agency action they allege has been unreasonably delayed or unlawfully withheld.

Therefore, CAA section 304(e) does not preserve Plaintiffs' claims under the APA.[g]  Moreover,

even if CAA section 304(e) preserves APA unreasonable delay claims, because Congress has

provided for exclusive jurisdiction in the District of Columbia for what is essentially the exact

same claims under the CAA citizens' suit provision, that court should likewise have exclusive

jurisdiction over any concurrent APA claims.  Otherwise, Congress' intent in providing

exclusive jurisdiction over such claims in the District of Columbia under the CAA citizens' suit

provision will be frustrated.

## II.      If The District Court For The District Of Columbia Did Not Have Exclusive Jurisdiction Over Plaintiffs' Unreasonable Delay Claims, The United States Court of Appeals For The District of Columbia Circuit Would Have Exclusive Jurisdiction Over Those Claims.

As discussed above, Congress amended the CAA citizens' suit provision to include

---

[g] In *Oljato Chapter of the Navajo Tribe v. Train*, 515 F.2d 654, 664 n.16 (D.C. Cir. 1975), the court stated in *dicta* that the CAA citizens' suit provision and the APA could provide concurrent bases for jurisdiction in cases against EPA, based on CAA section 304(e), 42 U.S.C. § 7604(e). However, that case was decided before the addition of unreasonable delay claims under the CAA citizens' suit provision in the 1990 CAA amendments.  Therefore, the court's *dicta* should not be followed here because Congress has now clearly provided for unreasonable delay claims under the CAA citizens' suit provision, and jurisdiction under the APA would not be concurrent, but redundant.  In addition, the Seventh Circuit has held that the APA did not provide for concurrent jurisdiction in a case where the plaintiff had failed to provide the mandatory 60-day notice prior to suit under the CAA citizens' suit provision.  *City of Highland Park v. Train*, 519 F.2d 681, 692-93 (7th Cir. 1975).  The CAA citizens' suit provision now requires that 180 days notice must be provided before an unreasonable delay claim may be asserted against EPA, which notice Plaintiffs have not provided in this case.  42 U.S.C. § 7604(a).  As in *City of Highland Park*, Plaintiffs here should not be able to evade the mandatory notice requirement of the CAA citizens' suit provision by bringing an unreasonable delay claim under the APA.

unreasonable delay claims in the 1990 CAA amendments.  If Congress had not done so, then the United States Court of Appeals for the District of Columbia Circuit would have exclusive jurisdiction over the unreasonable delay claims Plaintiffs attempt to raise.  This Court would not have jurisdiction over those claims under the APA.

As discussed above, under CAA section 307(b), 42 U.S.C. § 7607(b), the District of Columbia Circuit has exclusive jurisdiction to review timely challenges to final EPA actions establishing any NAAQS, or any NSPS, or any other nationally applicable EPA regulations.  *Id.* It is settled law in the District of Columbia Circuit that when that court has exclusive jurisdiction to review the merits of final agency action, it likewise has exclusive jurisdiction in aid of its prospective jurisdiction under the All Writs Act, 28 U.S.C. § 1651(a), over unreasonable delay claims asserting that an agency should be ordered to take the action in question.  *See Telecomms. Research and Action Ctr. v. FCC*, 750 F.2d at 74-79.[7]  The court there held that the APA's waiver of sovereign immunity does not provide for district court review of such unreasonable delay claims because the APA's waiver of sovereign immunity applies only when other statutory review is inadequate.  *Id.* at 78.  Statutory review in the court of appeals will rarely be inadequate.  *Id.*  Thus, if Congress had not provided for exclusive jurisdiction over Plaintiffs' unreasonable delay claims in the District Court for the District of Columbia under the CAA citizens' suit provision, exclusive jurisdiction for those claims would lie in the District of Columbia Circuit.  *See Sierra Club v. Thomas*, 828 F.2d 783, (D.C. Cir. 1987) (pre-1990 CAA amendments case holding that CAA unreasonable delay claims belong in that court).  Jurisdiction would not lie in this Court under the APA.  Therefore, even if the Court were to

_____

[7] The Eighth Circuit does not appear to have reached this specific issue.

13

determine that the CAA citizens' suit section does not provide an adequate remedy for Plaintiffs'

claims, it should still dismiss those claims for lack of subject matter jurisdiction.

### III.   Plaintiffs' Claims Should be Dismissed Because EPA is Not Required to Take The Actions Plaintiffs Allege Have Been Unlawfully Withheld or Unreasonably Delayed.

The Supreme Court has made clear that an APA claim alleging that an agency has

unlawfully withheld or unreasonable delayed action may proceed only when the agency has

"failed to take a *discrete* agency action that it is *required to take.*"  *SUWA*, 542 U.S. at 64 & n.1

(emphasis in original).  The Court determined that the APA "empowers a court only to compel an

agency 'to perform a ministerial or non-discretionary act,' or 'to take an action upon a matter,

without directing *how* it shall act."  *Id.*  (quoting Attorney General's Manual on the APA 108

(1947)) (emphasis supplied by Court).  Plaintiffs' Complaint should be dismissed under *SUWA*,

because it is clear on the face of the CAA that EPA is *not required to take* the listing actions

Plaintiffs allege have been unlawfully withheld or unreasonably delayed.  Rather, those actions

are discretionary with EPA.

CAA section 108(a)(1), 42 U.S.C. § 7408(a)(1), provides that the EPA Administrator is to

include a pollutant on the list of pollutants for which a NAAQS will be developed if, among other

things, "*in [her] judgment*," its emissions will "cause or contribute to air pollution which may

reasonably be anticipated to endanger public health or welfare."  *Id.* (emphasis added).  It is not

until after EPA exercises *its judgment* that a pollutant meets the statutory requirements to be

placed on the CAA section 108(a)(1) list that EPA issues air quality criteria for the pollutant

under CAA section 108(a)(2), 42 U.S.C. § 7408(a)(2), and promulgates a NAAQS for the

pollutant under CAA section 109, 42 U.S.C. § 7409.

14

Similarly, under CAA section 111(b)(1)(A), 42 U.S.C. § 7411(b)(1)(A), the EPA Administrator is to include a category of stationary sources on the list for which an NSPS is to be developed if "*in [her] judgment* it causes, or contributes significantly to, air pollution which may reasonably be anticipated to endanger the public health or welfare." *Id.* (emphasis added).  It is not until after EPA exercises *its judgment* to place a source category on the CAA section 111(b)(1)(A) list that EPA promulgates an NSPS for the source category under CAA section 111(b)(1)(B), 42 U.S.C. § 7411(b)(1)(B).

Congress has not *required* that EPA list pollutants from AFOs for regulation as criteria pollutants under the CAA, nor has Congress *required* that EPA list AFOs as a source category for which an NSPS will be promulgated.  Rather, Congress has left it to EPA's discretion to render judgments about whether such pollutants and such sources should be listed for regulation. Therefore, Plaintiffs' Complaint should be dismissed because this is not a case in which agency action is required or is ministerial in nature.  *SUWA*, 542 U.S. at 65 ("The limitation to *required* agency action rules out judicial direction of even discrete agency action that is not demanded by law . . . .").

Plaintiffs do not allege that EPA has, in fact, determined that AFOs and their emissions meet all of the requirements for, and should be listed for regulation under the CAA, but has failed to take the required, ministerial action of adding the pollutants and sources to the relevant lists. Rather, Plaintiffs allege exactly the opposite of this.  Plaintiffs allege that EPA has known for years of varying studies regarding emissions from AFOs, but EPA has taken "*no action*" to regulate the emissions.  Plaintiffs' Complaint ¶ 25 (emphasis added).  In their first claim for relief, Plaintiffs allege that air pollutants from AFOs *should be listed* as criteria pollutants and

15

that NAAQS *should be issued* for the pollutants. *Id.* ¶ 30. In their second claim for relief, Plaintiffs allege that AFOs *should be listed* as sources for NSPS. *Id.* ¶ 34. Thus, Plaintiffs have not alleged that EPA has actually exercised its discretion under CAA sections 108 and 111, but rather that EPA should do so in the manner Plaintiffs desire. Indeed, Plaintiffs request a court order requiring EPA to list AFOS and their emissions for regulation under the CAA. *Id.* at Prayer for Relief ¶ B. This is directly contrary to the Supreme Court's admonition in *SUWA* that the APA does not empower a court to direct *how* an agency should act. *SUWA*, 542 U.S. at 64. *See also id.* at 66 (explaining that the APA's limitations on a court's power serve to "protect agencies from undue judicial interference with their lawful discretion, and to avoid judicial entanglement in abstract policy disagreements which courts lack both expertise and information to resolve").

Two cases from the Second Circuit illustrate why EPA is not required by law to take the listing decisions Plaintiffs seek in this case. In *NRDC v. Train*, 545 F.2d 320 (2nd Cir. 1976) ("*Train*"), EPA conceded that in the Administrator's judgment, lead emissions had an adverse effect on public health and welfare, and that lead was emitted into the air by numerous or diverse mobile or stationary sources, but it had not established criteria or a NAAQS for lead. *Id.* at 324. The court held that these EPA determinations satisfied the statutory listing requirements, and that *after* EPA made these determinations, it lacked discretion not to list lead as a criteria pollutant. *Id.* at 325. Rather, listing was then a mandatory duty enforceable under the CAA citizens' suit provision. *Id.* at 322, 328.[9]

---

[9] The court rejected EPA's argument that the Administrator had no plans to issue air quality criteria for lead, which is the third requirement for listing under CAA section 108(a)(1)(C), 42 U.S.C. § 7408(a)(1)(C), and therefore EPA had no duty to list lead as a criteria pollutant. *Train,* 545 F.2d at 323. EPA submits that the case was wrongly decided on this point and that all three requirements of CAA section 108(a)(1), 42 U.S.C. § 7408(a)(1), must be met before EPA has

(continued...)

The Second Circuit distinguished *Train*, in *NRDC v. Thomas*, 885 F.2d 1067 (2nd Cir. 1989).  In that case, the court held that jurisdiction did not exist under the CAA citizens' suit provision to compel EPA to list several pollutants as hazardous air pollutants under CAA section 112, 42 U.S.C. § 7412, when EPA had not determined that those pollutants met the statutory requirements for hazardous air pollutants.  *NRDC* at 1073-74.  Like the listing requirements of CAA sections 108 and 111, the statutory listing requirements under section 112 provided EPA with substantial discretion.  Section 112 required EPA to list an air pollutant as hazardous if the pollutant "'*in the judgment of the Administrator* causes, or contributes to, air pollution which may reasonably be anticipated to result in an increase in mortality or an increase in serious irreversible, or incapacitating reversible, illness.'" *Id.* at 1070 (quoting 42 U.S.C. § 7412(a)(1)) (emphasis added).[9]  EPA had found that the pollutants at issue were either known or probable human carcinogens and EPA had stated a preliminary intention to list most of the pollutants in the future, but only if additional studies showed that listing was warranted.  *Id.* at 1071-72.  The court found that *Train* was not controlling because not only had EPA not conceded that the pollutants in question met the statutory listing requirements for hazardous air pollutants, but EPA maintained that it had made no final determination one way or the other.  *Id.* at 1074.  Thus, when read together, these cases show that EPA is not required to list a pollutant under CAA section 108, 42 U.S.C. § 7408, unless and until after EPA has exercised its judgment and determined that

---

[8]/(...continued)
any duty to list a pollutant under that section.  However, the Court need not address this issue here, because Plaintiffs have not alleged that EPA has already determined that *any* of the statutory listing requirements has been satisfied.

[9] Congress amended CAA section 112 in the 1990 CAA amendments, establishing a statutory list of hazardous air pollutants that EPA may revise by rule.  42 U.S.C. § 7412(b)(1), (2).

the pollutant in question meets the statutory listing requirements, even if there is evidence suggesting that the pollutant may qualify for listing.[10]  The same is true with respect to the listing of source categories under CAA section 111, 42 U.S.C. § 7411, because, as discussed above, the discretionary listing requirements are nearly identical to that of CAA section 108.

The fact that the Second Circuit analyzed whether jurisdiction existed under the CAA citizens' suit "mandatory duty" provision adds even more weight as to why this Court should dismiss Plaintiffs' Complaint.  First, as discussed above, review is not available under the APA here because Congress has provided an adequate remedy under the CAA citizens' suit provision.  Second, if EPA has no *mandatory duty* to act at all under the CAA citizens' suit provision, it clearly is not *required* to act within the meaning of *SUWA*.[11]

In *SUWA*, the Court analyzed the APA's limitations as jurisdictional ones.  *SUWA*, 542 U.S. at 61 ("We begin by considering what limits the APA places upon judicial review of agency inaction").  *See also id.* at 57 ("[W]e must decide whether the authority of a federal court under the . . . APA to 'compel agency action unlawfully withheld or unreasonably delayed,' 5 U.S.C. § 706(1), extends to . . . [the case before us]").  Therefore, under *SUWA*, the Court should dismiss

---

[10] The Second Circuit has also characterized *Train* as standing "solely for the proposition that the district court has jurisdiction, under Section 304, to compel the Administrator to perform purely ministerial acts, not to order the Administrator to make particular judgmental decisions." *Envtl. Defense Fund v. Thomas*, 870 F.2d 892, 899 (2ⁿᵈ Cir. 1989).  Thus, *Train* does not apply here, where Plaintiffs seek a court order requiring EPA to make the particular judgment decisions Plaintiffs desire with respect to emissions from AFOs.

[11] These cases were decided before the court's decision in *Am. Lung Ass'n v. Reilly*, 962 F.2d at 262-63, discussed *supra* in Argument I, where the court held that mandatory duty claims apply only in cases where there is a statutorily-imposed deadline, while unreasonable delay claims apply when a statute provides for agency action at indefinite intervals, such as "from time to time."  If the claims in *NRDC v. Thomas* were analyzed as unreasonable delay claims, the ultimate result should be the same because, as in this case, the listing decisions were discretionary with EPA.

Plaintiffs claims for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1).

Plaintiffs' Complaint should likewise be dismissed if the Court considers the Complaint under Fed. R. Civ. P. 12(b)(6), because its "'factual content . . . [does not] allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d at 594 (ellipsis in original). The misconduct alleged is delay, and, as shown above, such a claim is only actionable against a federal agency under the APA where the allegedly delayed action is required by law or regulation, which it is not here. *SUWA*, 542 U.S. at 65. Moreover, the relief Plaintiffs seek, a court order mandating *how* EPA should exercise its discretion, is not available to Plaintiffs as a matter of law. *Id.* Therefore, even if *SUWA* is construed not to establish a rule going to subject matter jurisdiction, Plaintiffs' claims should still be dismissed for failure to state a claim for which relief can be granted. *See Coos Cnty. Bd. of Cnty Comm'rs v. Kempthorne*, 531 F.3d 792 at 802-03 (determining that dismissal was justified under either Fed. R. Civ. P. 12(b)(1), or 12(b)(6)).

Plaintiffs' incantation of the APA's arbitrary and capricious standard does not change this result. Plaintiffs' Complaint at ¶¶ 32, 36. Plaintiffs may only challenge the merits of a final agency action under the APA. *SUWA*, 542 U.S. at 61-62. To be final, an agency action "must mark the 'consummation' of the agency's decisionmaking process . . . and be one by which 'rights or obligations have been determined,' or from which 'legal consequences will flow . . . .'" *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997). Plaintiffs make no allegation that EPA has made a final determination *not* to list air emissions from AFOs, or AFOs themselves, under CAA sections 108 and 111. Thus, Plaintiffs do not allege that EPA has taken final agency action in the exercise of the discretion it is afforded under the CAA and that the action taken is arbitrary and

19

capricious.

Rather, the term "final agency action" also includes "failure to act," 5 U.S.C. § 551(13), and that is the final agency action Plaintiffs allege here.  Plaintiffs' Complaint ¶¶ 32, 36 (citing 5 U.S.C. § 551(13)).  However, Plaintiffs' arbitrary and capricious assertion is the same as their unreasonable delay assertion because both maintain that EPA should be required to exercise its discretion in a certain way, to regulate AFOs and their emissions at this time.  *See* Plaintiffs' Complaint at Prayer for Relief ¶ B (Requesting a court order requiring EPA to regulate AFOs and their pollutants under CAA sections 108, 109 and 111).  As shown above, this Court lacks jurisdiction over such a claim here under *SUWA* because the CAA does not require EPA to act, and the APA does not provide the Court with authority to direct EPA as to *how* it should act.  Thus, to the extent Plaintiffs' allege that EPA's failure to make the relevant listing decisions is arbitrary and capricious, Plaintiffs' claims should be dismissed for lack of subject matter jurisdiction.  Alternatively, those claims should be dismissed for failure to state a claim for which relief can be granted.  *See Braden v. Wal-Mart Stores, Inc.*, 588 F.3d at 594 (court should not accept legal conclusions or "'formulaic recitation[s] of the elements of a cause of action'" as true).

## CONCLUSION

For all these reasons, the Court should grant Defendants' Motion to Dismiss.

Respectfully submitted,

IGNACIA S. MORENO
Assistant Attorney General

                        s/David A. Carson             
DAVID A. CARSON
United States Department of Justice
Environment and Natural Resources
          Division
999 18th Street
South Terrace, Suite 370
Denver, Colorado 80202
(303) 844-1349
(303) 844-1350 facsimile
david.a.carson@usdoj.gov
efile_eds.enrd@usdoj.gov
OF COUNSEL:                     k.joy.gosnell@usdoj.gov

SCOTT JORDAN
DAVID ORLIN
U.S. EPA
Office of General Counsel
Washington, D.C.

Date: September 10, 2012

## CERTIFICATE OF SERVICE

It is hereby certified that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this 10th day of September, 2012.  Any other counsel of record will be served by first class U.S. mail on this same day.

                        s/David A. Carson